No. A-CV-15-91
# Supreme Court of the Navajo Nation

**In the Matter of:**
**Sharon Harvey, et al., SR-FC-020-89**
**and**
**Goldtooth Begay #2, et al., CH-FC-82-90**
**Decided September 18, 1991**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Per curiam.

This is an original action for the determination of certified questions. The petition was filed by the Honorable Marilou B. Begay, judge of the Family Court of the Shiprock District, and the Honorable Leroy S. Bedonie, circuit judge and sitting as the family court judge for the Family Court of the Chinle District. We accept jurisdiction to answer the certified questions.

We filed an order on June 10, 1991, requesting service of notice of the petition upon the parties in the Shiprock and Chinle actions which prompted the certified questions, and an opportunity for those parties to be heard through briefs. The claimants in Cause No. CH-FC-82-90 filed a brief which addressed the law and policy applicable to the questions posed.

## I. THE CASE

On September 1, 1989, the Shiprock District Court transferred five quiet title actions to the Shiprock Family Court. The reasoning for the transfer, made by administrative order, was that while quiet title actions are not recited in the family court jurisdiction statute, the cases had "family overtones" and should be in family court. Since then, eighteen quiet title actions have been filed in the Shiprock Family Court. Fifteen have been decided, and three are pending. Eight quiet title actions were filed in the Chinle Family Court. Seven have been determined and one is pending. The practitioners and judges of the Chinle District assumed that a quiet title action falls under probate jurisdiction, and they have acted upon that assumption.

On March 18, 1991, a court staff attorney rendered an opinion which concluded that only the district court has jurisdiction over quiet title actions under 7 N.T.C. § 253(4) (1985) (a miscellaneous subject matter jurisdiction provision).

She reasoned that a quiet title action is legally distinct from a probate or divorce action, and that since a quiet title action is not clearly enumerated in the family court subject matter jurisdiction statute, 7 N.T.C. § 252 (1989), only the district court has jurisdiction over quiet title actions.

Judges Begay and Bedonie assert, quite correctly, that the question of jurisdiction must be resolved, because it affects interests in land, and because proper subject matter jurisdiction may constitute a cloud over existing legal titles. The validity of twenty two prior judgments is in question.

## II. THE CERTIFIED QUESTIONS

The Shiprock and Chinle Family Courts pose the following two questions:

1. Which court, family court or district court, has subject matter jurisdiction over quiet title actions?

2. If the family courts do not have jurisdiction, what effect does that have on the quiet title cases adjudicated by the family courts?

We hold that the family courts of the Navajo Nation have jurisdiction over quiet title actions, and that this decision does not affect the validity of any quiet title judgment or decree previously rendered by either a district or family court.

## III. FAMILY COURT JURISDICTION

The courts of the Navajo Nation are unified courts. There is one level of trial court within the Navajo Nation, and that is the district court. 7 N.T.C. § 103 (1989). As the courts of the Navajo Nation developed, the Navajo Tribal Council saw the need for a special court to deal with child welfare matters, and that was the children's court. In 1989, the Council declared a need for a court to better serve both children and their families. Navajo Tribal Council Resolution No. CAU-46-89 (August 16, 1989). That resolution did two things: It changed the words "Children's Courts" to "Family Courts" in 7 N.T.C. § 103, and it fixed the subject matter jurisdiction of the family court. Importantly, however, 7 N.T.C. § 103 provides that the family court is, by definition, a part of the district court. The family court is a division of the district court. The family court's subject matter jurisdiction statute is found at 7 N.T.C. § 252 (1989) : "The Family Courts of the Navajo Nation shall have original exclusive jurisdiction of all cases involving domestic relations, probate, adoption, paternity, custody, child support, guardianship, mental health commitments, mental and/or physical incompetence, name changes and all matters arising under the Children's Code."

The dilemma we resolve is which district court division shall have primary jurisdiction over quiet title actions.

The staff attorney opinion rendered on March 18, 1991 is well-reasoned and logical. It states that because quiet title actions are separate proceedings to settle conflicting claims over property, and do not fall within the usual scope of probate or divorce actions, they do not fall within 7 N.T.C. § 252, but must go to the

district court under 7 N.T.C. § 253(4) as a miscellaneous action. That is a proper statutory interpretation under general principles of anglo-American law.

However, as we have stated on many occasions, the laws of the Navajo Nation are interpreted in light of Navajo experience and the Navajo common law. The petition in this case shows that the judges of the Shiprock District believe that quiet title actions have family overtones, and the judges of the Chinle District assumed that a quiet title action was most like a probate action. One of the parties who briefed the issues before this Court observed as follows: "It is clear that the Navajo Nation Courts must follow the clear statements of law enacted by the Navajo Nation Council, but must also determine from Navajo Customs and Traditions concepts of Navajo Common Law whenever such determinations are necessary." Brief of Begay at 2 - 3. Also, "[t]he disposition of property in any society must depend completely upon the specific and actual ... values of the culture. " Brief of Begay at 3. Therefore, we disapprove the staff attorney opinion, as excellent as it is, in favor of an interpretation based upon both the Navajo common law and judicial economy.

The word "land" in Navajo is *shi keyah*, or "That which is beneath my feet." As a general principle, Navajo land tenure is based on communal or family land use, and "that which is beneath [the] feet" of most Navajos is held for general family use. There is individual use rights to land under Navajo common law, particularly agricultural land, but for the most part Navajo grazing permits and leases are held in individual names for the benefit of the family or group. See *Estate of Benally*, 5 Nav. R. 174, 179-80 (1987). As Judges Begay and Bedonie point out, the "quiet title action is used to settle or define property rights in a particular piece of real property where there are multiple claimants and the chain of title is inconsistent or nonexistent." Petition at 3. The quiet title action is a broad equitable remedy which is available to resolve many different kinds of claims to land as property. Given that most land use questions within the Navajo Nation deal with families or even neighbors who are often related by clan, the family court is the more appropriate court to handle quiet title actions.

## IV. PRIOR DECISIONS

This analysis shows that no prior decision of either a district or family court is void or voidable. District courts have subject matter jurisdiction over quiet title actions under 7 N.T.C. § 253 (4) as a part of their miscellaneous subject matter jurisdiction. Today we hold, by applying a Navajo common law interpretation, that the family court is better suited to hear quiet title actions. The Navajo Nation Council intended, through its 1989 creation of the family court, that family concerns should be handled in a court for families. In addition, as a matter of judicial economy, it is better to designate the family court to hear such cases. However, the distinction is not jurisdictional, and this decision does not void any prior decree.

Therefore, the Shiprock and Chinle Family Courts shall proceed in Causes Nos. SR-FC-020-89 and CH-FC-82-90 in accordance with this opinion.